```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

JOSHUA ROSE,

       Plaintiff,

v.                              Civil Action No. 2:23-cv-00320

WEST VIRGINIA DIVISION OF CORRECTION
AND REHABILITATION, BRENDA WARD,
GREG ROGERS, JOHN YOUNG, DERRICK MCKINNEY,
SGT. MOORE, CO II HALL, and JOHN DOE(S).

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a motion to stay, filed by defendant Tristan Hall[1] on June 1, 2023. ECF 19.

On June 1, 2023, counsel for Mr. Hall filed a "Notice of Special Appearance" for the purpose of filing the motion to stay. ECF 18. The motion to stay represents that Mr. Hall is "currently on Title 10 Active-Duty military orders stationed in Jordan in support of Operation Spartan Shield." ECF 19 at 2. Mr. Hall's "military orders do not end until March 29, 2024, and

---

[1] The court notes the complaint identifies Mr. Hall as "CO II Hall." See ECF 1-2. However, an "Affidavit of Personal Service" filed with the Notice of Removal indicates service was attempted on "Tristan Hall," but not accomplished because of him being out of the country for "Active Duty in Military." ECF 1-1.

[he] will not be available to return to West Virginia for any legal proceeding until March 30, 2024."

In support of his request for a stay, Mr. Hall cites the Servicemembers Civil Relief Act, 42 U.S.C. §§ 3901-4043. Section 3932(b)(1) provides "[a]t any stage before final judgment in a civil action...the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days...." 50 U.S.C. § 3932(b)(1). A motion to stay made under this provision requires the servicemember to provide documentation showing how current military duty materially affects the servicemember's ability to appear and documentation from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and leave is not authorized. 50 U.S.C. § 3932(b)(2). Finally, under subsection (d), a servicemember may request an additional stay based on the continuing effect of military service on the servicemember's ability to appear. 50 U.S.C. § 3932(d)(1).

In this instance, neither the plaintiff nor any of the co-defendants have filed a response opposing the requested stay, and the time to respond has passed. The following documents have been provided in support of the motion to stay: (1) "NATO

Travel Order," (2) a letter from Mr. Hall, and (3) a letter from Mr. Hall's commanding officer. See ECF 19-1, 19-2, and 19-3.

In his letter, Mr. Hall's commanding officer states that Mr. Hall will be unable to return to West Virginia until March 30, 2024. See ECF 19-3. Mr. Hall himself, in a letter addressed to the court, notes that because of his active-duty status, he has "difficulty communicating with counsel in a timely fashion." ECF 19-2. These difficulties include only being able to communicate with counsel through email and having trouble responding to these communications quickly. Id. Mr. Hall avers these difficulties make it impossible for him to "actively participate in the defense of this matter...." Id.

The court finds Mr. Hall has provided sufficient evidence to support his request for a stay under the Servicemembers Civil Relief Act.

The court ORDERS that this action be, and hereby is, STAYED throughout the duration of Mr. Hall's current active-duty military deployment and until the further order of the court.

The Clerk is directed to remove this case from the active docket.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 22, 2023

John T. Copenhaver, Jr.
Senior United States District Judge