```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JOSHUA ROSE,

    Plaintiff,

v.                                          Civil Action No. 2:23-cv-00320

WEST VIRGINIA DIVISION OF
CORRECTIONS AND
REHABILITATION, BRENDA WARD,
GREG ROGERS, JOHN YOUNG,
DERRICK MCKINNEY, SGT. MOORE,
CO II HALL, AND JOHN DOE(S),

    Defendants.

## ORDER

The court is in receipt of the parties' proposed "Agreed Protective Order" (ECF No. 23), filed on June 5, 2024.

Having reviewed the parties' proposed order, the court notes that it includes several variances from the court's form protective order. The proposed order specifies as justification for its restrictions on inmate viewing the need "to ensure the safety and security of correctional facilities and their personnel." Prop. Ord. at 1. And as justification for its alteration to provisions for document retention or destruction in the court's form order, the proposed order cites the need to comply with a decision of the West Virginia Supreme Court of

Appeals that a state court "may not issue a protective order directing an insurance company to return or destroy a claimant's medical records prior to the time period set forth by the Insurance Commissioner of West Virginia[.]"  State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell, 226 W. Va. 138, 146 (2010).  Relatedly, the proposed order indicates that the insurer for the defendants is subject to the record retention requirements of the Commonwealth of Pennsylvania, on account of its organization under the laws of that state.  See Prop. Ord. at 5, n.1.

The Southern District's form protective order "is the preferred protective order in this district."  L.R. Civ. P. 26.4.  "[M]otions requesting modifications to the provisions of the court's Protective Order should be made sparingly and only for good cause."  Id.

Inasmuch as the restrictions on inmate viewing have been agreed to by counsel for all parties and the court finding those restrictions appropriate at this stage of the case, good cause exists for the inclusion of such alterations to the court's form order.  The court finds also that there is good cause to relieve the parties or their insurer from a potential conflict with the record retention requirements under the applicable state regulation.

2

However, the court finds the parties have not shown good cause for the broader variance from the court's form protective order that would create unidentified exceptions for any "statute, rule, court order, malpractice carrier, or the document retention policy of the attorneys subject to th[e] Protective Order." The proposed variation is unacceptable, and the parties are directed to comply with the II(B) provisions as adopted in <u>Gifford v. W. Va. Div. of Corr. and Rehab.</u>, No. 2:23-cv-00332 (S.D.W. Va June 2, 2023) (Protective Order, ECF 15), except that, in addition to the exception promulgated in <u>State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell</u>, 226 W. Va. 138, 146 (2010), the records retention requirements of Pennsylvania may also be applied.

Accordingly, the court declines to enter the "Agreed Protective Order" filed on June 5, 2024. The parties may file a revised such order framed in accordance herewith.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 18, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

3