```
        UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF WEST VIRGINIA
              AT CHARLESTON
```

JOSHUA ROSE,

    Plaintiff,

v.                        Civil Action No. 2:23-cv-00320

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, BRENDA WARD,
GREG ROGERS, JOHN YOUNG,
DERRICK MCKINNEY, SGT. MOORE,
CO II HALL, and JOHN DOE(S),

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion for leave to amend his complaint, filed on May 3, 2023, ECF 8.

The plaintiff brought a complaint in the Circuit Court of Kanawha County on December 22, 2022, and defendants West Virginia Division of Corrections and Rehabilitation ("WVDCR"), Ward, Young, and McKinney removed the case on April 10, 2023. See ECF 1.  Defendants Rodgers, Hall, and Moore consented to removal.  ECF 1-3; 1-4.

Plaintiff filed the complaint after an alleged altercation in which he was beaten by another inmate while plaintiff was incarcerated at Mount Olive Correctional Center

("Mount Olive"). Compl., ECF 1-2 at ¶¶ 1-2. The complaint alleges that defendants McKinney, Ward, and Young were employed at Mount Olive as members of a special management committee that was responsible for plaintiff's safety. Id. at ¶ 3. The complaint alleges claims of deliberate indifference in violation of 42 U.S.C. § 1983 (Count 1); outrageous conduct and violation of policy, procedure, and legislative rules (Counts II and III); and vicarious liability (Count IV). Plaintiff requests that judgment be entered against the defendants, jointly and severally, and that the court award damages including, but not limited to, medical expenses, emotional and mental distress and punitive damages, and other damages.

The plaintiff wishes to amend his complaint to "set forth additional facts as currently known as well as [add] a party defendant that another defendant states overruled the [Special Management Committee's] finding that plaintiff should have been protected."[1] ECF 8 at ¶ 2. Specifically, plaintiff seeks to (1) add paragraph 4 to the factual background; (2) add Count IV to allege deliberate indifference and Count V to allege a violation of ministerial duty against Superintendent Donald Ames; and (3) amend Counts II and III of the complaint to add

---

[1] The court notes that plaintiff included the proposed amended complaint as Exhibit 1 to the motion for leave to amend the complaint. See ECF 8-1.

factual information and specify against which defendants the counts are alleged.  See ECF 8-1.

No party opposed plaintiff's motion to amend.

Under Rule 10(b) of the Federal Rules of Civil Procedure, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  The purpose of this rule is to promote clarity.  Id.

Plaintiff's proposed amended complaint is unacceptable insofar as plaintiff has alleged Counts II and III together and Counts IV and V together, and it is unclear which allegations relate to the respective counts.

For the foregoing reasons, plaintiff's Motion for Leave to Amend Complaint, filed May 3, 2023, is DENIED without prejudice.

Inasmuch as the Motion for Leave to Amend Complaint has not been opposed, the plaintiff is directed to file such further motion for leave to amend complaint in accordance with the foregoing prescriptions on or before October 3, 2024.

    The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

    ENTER: September 19, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge